# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | | |
|---|---|---|
| ANTHONY PRENTICE, | ) | |
| Petitioner, | ) | 3:10-cv-00600-LRH-RAM |
| vs. | ) | **ORDER** |
| E.K. McDANIEL, *et al.*, | ) | |
| Respondents. | ) | |

This action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, by a Nevada state prisoner. Petitioner has paid the filing fee for this action. (Docket #6).

The Court has reviewed the petition and finds that it must be dismissed because petitioner's federal claims have not been exhausted in state court. A petitioner must first present his grounds for relief to a state court before a federal court may review the merits of the issues he raises. To exhaust a claim, petitioner must have "fairly presented" that specific claim to the Supreme Court of Nevada. *See Picard v. Conner*, 404 U.S. 270, 275-76 (1971); *Schwartzmiller v. Gardner*, 752 F.2d 1341, 1344 (9th Cir. 1984). A federal court cannot hear a mixed petition that contains both exhausted and unexhausted claims for habeas corpus relief. *Rose v. Lundy*, 455 U.S. 509, 521-22 (1982); *Szeto v. Rusen,* 709 F.2d 1340, 1341 (9th Cir. 1983). If a single one of the claims in the petition is unexhausted, the court is obliged to dismiss the petition for lack of exhaustion.

In the instant case, petitioner admits, on the face of his petition, that he has not presented to the Nevada Supreme Court all grounds asserted in the federal petition. (Petition, Docket #1-2, at p. 1). Petitioner refers to his appeal from the denial of his state habeas petition, stating: "Nv. Sct. Has

1 had appeal for 3 years without taking action." (Petition, Docket #1-2, at p. 2). Thus, petitioner
2 admits that his claims are still pending in the Nevada Supreme Court. Because petitioner has not
3 exhausted his grounds for relief in state court, this action shall be dismissed. In addition, petitioner's
4 motion for the appointment of counsel (Docket #1-3) is denied.

5 In order to proceed with any appeal, petitioner must receive a certificate of appealability. 28
6 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski,* 435 F.3d 946, 950-951
7 (9th Cir. 2006); s*ee also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001). Generally, a
8 petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a
9 certificate of appealability. *Id.;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84
10 (2000). "The petitioner must demonstrate that reasonable jurists would find the district court's
11 assessment of the constitutional claims debatable or wrong." *Id.* (*quoting Slack*, 529 U.S. at 484).
12 In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues
13 are debatable among jurists of reason; that a court could resolve the issues differently; or that the
14 questions are adequate to deserve encouragement to proceed further. *Id.*

15 Pursuant to the December 1, 2009 amendment to Rule 11 of the Rules Governing Section
16 2254 and 2255 Cases, district courts are required to rule on the certificate of appealability in the
17 order disposing of a proceeding adversely to the petitioner or movant, rather than waiting for a
18 notice of appeal and request for certificate of appealability to be filed. Rule 11(a). This Court has
19 considered the issues raised by petitioner, with respect to whether they satisfy the standard for
20 issuance of a certificate of appealability, and determines that none meet that standard. The Court
21 will therefore deny petitioner a certificate of appealability.

22 **IT IS THEREFORE ORDERED** that the Clerk **SHALL FILE** the petition for a writ of
23 habeas corpus (Docket #1-2).

24 **IT IS FURTHER ORDERED** that petitioner's motion for the appointment of counsel
25 (Docket #1-3) is **DENIED.**

26 ///
27 ///
28

1   **IT IS FURTHER ORDERED** that this action is **DISMISSED WITHOUT PREJUDICE**
2  for failure to exhaust state court remedies. If and when petitioner exhausts his state court remedies,
3  he may file a new habeas petition in a new action.
4   **IT IS FURTHER ORDERED** that petitioner is **DENIED** a certificate of appealability.
5   **IT IS FURTHER ORDERED** that the Clerk shall enter judgment accordingly.

7  DATED this 4th day of November, 2010.

10  LARRY R. HICKS
    UNITED STATES DISTRICT JUDGE